IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | No. 2:14-cv-1574-TLN-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| WILLIAM W. WARNER, et al., | |
| Defendants. | |

This case was removed to this court from the Shasta County Superior Court by the defendants, proceeding *in propria persona*. This action was referred to the undersigned for all proceedings pursuant to Eastern District of California Local Rules 302-304

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." See also 28 U.S.C. § 1447(c). Here, it is clear that this court lacks subject-matter jurisdiction over this action.

This action was originally filed as an unlawful detainer action in the Superior Court of California, County of Shasta, on May 21, 2014. The action is based on California Code of Civil Procedure § 1161a. The complaint states the amount demanded does not exceed

1

1  $10,000.00.  Plaintiff alleges in the complaint that it is the owner of the property at issue,

2  purchased at a trustee's sale following foreclosure.  However, defendants have continued to

3  possess the property without plaintiff's permission, even after being served with a written notice

4  to quit.  (Compl. for Unlawful Detainer (Complaint), attached to Notice of Removal (Doc. 1)).

5        On July 3, 2014, defendants filed the notice of removal, pursuant to 28 U.S.C. §§

6  1331 and 1441, indicating that this court has jurisdiction over this action as it raises a federal

7  question.  The federal question, according to defendants, arises from the Notice to Quit they

8  received which references the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5201.

9        "Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life

10  Ins. Co. of Am., 511 U.S. 375, 377 (1994).  In order for a federal court to have jurisdiction over a

11  specific action, the case must either arise under the Constitution or laws of the United States or

12  involve citizens of different states where the amount in controversy exceeds $75,000.  See 28

13  U.S.C. § 1331, 1332.  "[I]t is well established that the plaintiff is 'master of her complaint' and

14  can plead to avoid federal jurisdiction."  Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994,

15  997-98 (9th Cir. 2007) (citations omitted).  "The defendant bears the burden of establishing that

16  removal is proper."  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087

17  (9th Cir. 2009).  "The removal status is strictly construed against removal jurisdiction," id., and

18  removal jurisdiction "'must be rejected if there is any doubt as to the right of removal in the first

19  instance.'"  Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir.

20  2010) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

21        In relevant part, the federal removal statue provides:

22  (a)  Except as otherwise expressly provided by Act of Congress,
     any civil action brought in a State court of which the district courts
23   of the United States have original jurisdiction, may be removed by
     the defendant or the defendants, to the district court of the United
24   States for the district and division embracing the place where such
     action is pending . . . .
25
    (b)  Any civil action of which the district courts have original
26   jurisdiction founded on a claim or right arising under the

>Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a), (b).

To the extent defendants base the removal of this action on this court's federal question jurisdiction, such jurisdiction does not exist.  District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091. "[A] counterclaim - which appears as part of the defendant's answer, not as part of the plaintiff's complaint - cannot serve as the basis for 'arising under' jurisdiction." Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002).

Here, the unlawful detainer complaint filed in State court is only premised on California law.  No federal question is present, and thus no basis for federal question jurisdiction appears on the face of the complaint.  While defendants may contend in their notice of removal that plaintiffs have somehow violated some federal law, perhaps by somehow violating the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5201, this assertion (if there is one at all) would relate only to an affirmative defense or potential counterclaim, which is not considered in evaluating whether a federal question appears on the face of a plaintiff's complaint.  See Vaden v. Discover Bank, 556 U.S. 49, 129 S. Ct. 1262, 1272 (2009) (stating that federal

question jurisdiction cannot "rest upon an actual or anticipated counterclaim"). Accordingly, federal question jurisdiction does not provide a proper basis for removal.

The next possible basis for this court's jurisdiction is diversity jurisdiction. District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and the action is between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332; see also Geographic Expeditions, Inc., 599 F.3d at 1106.

Defendants do not appear to raise diversity of citizenship for this court's jurisdiction. However, even if raised, it is clear from the face of the complaint that the amount in controversy does not exceed $75,000. When a state court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal must prove with "legal certainty" that the jurisdictional amount is met. See Lowdermilk, 479 F.3d at 1000. The complaint filed in this action states unequivocally that the amount in controversy is less than $10,000. (Complaint at 1). Defendants' notice of removal does not challenge the amount in controversy, and does not provide any basis for a finding that the amount in controversy exceeds the $75,000 required. The amount in controversy is determined without regard to any setoff or counterclaim to which defendant may be entitled. See Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977). Thus, the amount in controversy is insufficient to provide this court with diversity jurisdiction.

Plaintiff has also filed an ex parte motion for an order shortening time, in order to have a motion to remand heard. However, as the undersigned has determined this court lacks jurisdiction over this action, and has the authority to remand the case without a motion from the party, a motion to remand is unnecessary. As such, the ex parte motion for an order shortening time is also unnecessary.

Based on the foregoing, the undersigned concludes that this court lacks jurisdiction over this action, and this case should be remanded to the State court. There is no federal question raised in the complaint, which is predicated on California state law. In addition, no diversity jurisdiction exists as the amount in controversy is less than $75,000.

IT IS HEREBY RECOMMENDED that:

1. This matter be remanded to the Superior Court of the State of California, County of Shasta; and

2. Plaintiff's ex parte application for an order shortening time be denied as unnecessary.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 29, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE